IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MIGUEL MEDINA,

        Plaintiff,

    v.

SGT. SHEEHAN, Albany County
Correctional Facility; and JANE
DOE, Nurse II,

        Defendants.

_____

Civil Action No.
9:16-CV-1284 (TJM/DEP)

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

MIGUEL MEDINA, *Pro Se*
381 South Main Street
Mechanicville, NY 12118

FOR DEFENDANT SHEEHAN:

HON. DANIEL LYNCH                     SIA Z. GOOGAS, ESQ.
Albany County Attorney                Assistant County Attorney
112 State Street
Albany, NY 12207

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

This is a civil rights action brought by *pro se* plaintiff Miguel Medina, a former New York State prison inmate, alleging that the defendants violated his constitutional rights while he was incarcerated in the Albany County Correctional Facility ("ACCF"). One of the defendants identified in plaintiff's complaint is a Jane Doe, who plaintiff describes as a nurse working in the ACCF at the relevant times. For the reasons set forth below, I recommend the claims asserted against the Jane Doe be dismissed and she be terminated from the action.

I.     <u>BACKGROUND</u>

Plaintiff filed his complaint in this case on or about October 27, 2016. Dkt. No. 1. Accompanying his complaint was an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. Although the IFP application was initially denied by Senior District Judge Thomas J. McAvoy as incomplete, Dkt. No. 4, following plaintiff's submission of a completed form, his application was granted and plaintiff's complaint was reviewed pursuant to 28 U.S.C. §§ 1915(e), 1915A. Dkt. No. 9. In his decision, Judge McAvoy dismissed plaintiff's complaint with leave to amend, *id.*, and thereafter plaintiff availed himself of the opportunity to file an amended complaint. Dkt. No. 13. Judge McAvoy undertook a review of the amended complaint

2

pursuant to sections 1915(e) and 1915A, and concluded that plaintiff's amended complaint be accepted only to the extent that it asserts claims against defendant Sgt. Sheehan and defendant Jane Doe ("Nurse II").[1] Dkt. No. 14. At that time, plaintiff was informed that the United States Marshals Service cannot effect service on an unidentified defendant, and, therefore, plaintiff was instructed to "take reasonable steps to ascertain the identity" of defendant Nurse II. *Id.* at 8 n.5. Plaintiff was further warned that his failure to identify and serve defendant Nurse II would result in the dismissal of the claims asserted against her. *Id.*

Following the completion of discovery, the court issued an order directing plaintiff to show cause why the claims asserted against defendant Nurse II should not be dismissed in light of the fact that plaintiff had yet to serve and join that individual in the action. Dkt. No. 34. Plaintiff's response was due on March 2, 2018. *Id.* Plaintiff has not responded.

---

[1]    Plaintiff's original and amended complaints also asserted causes of action against a Jane Doe ("Nurse I"). Dkt. Nos. 1, 14. Those claims were dismissed with prejudice by Judge McAvoy upon review of plaintiff's amended complaint. Dkt. No. 14. The claims asserted against defendant Nurse II, however, survived review. *Id.*

## II.    DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure authorizes "the court – on motion or on its own after notice to the plaintiff" – to dismiss a plaintiff's claims against a defendant where a summons and complaint are not served upon that party within 90 days after filing of the complaint, absent a showing of good cause.[2]  Fed. R. Civ. P. 4(m); *see also Shuster v. Nassau Cnty.*, No. 96-CV-3635, 1999 WL 9847, at *1 (S.D.N.Y. Jan. 11, 1999) ("Rule 4(m) authorizes a court upon a motion to dismiss an action without prejudice as against a defendant if service of the summons and complaint is not made upon that defendant within [90] days after the filing of the complaint."); *Romand v. Zimmerman*, 881 F. Supp. 806, 809 (N.D.N.Y. 1995) (McAvoy, J.) ("[T]he [90]-day filing requirement applies to pro se plaintiffs as well as those represented by counsel."). This is because when Doe defendants have not been served or otherwise appeared in the action within this time period, the court does not acquire jurisdiction over them. *See, e.g., Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 709 F. Supp. 1279, 1282 (S.D.N.Y. 1989) (citing *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)).

---

[2]    The period specified in Rule 4(m) is further restricted by the local rules of this court, which require that service be effectuated within sixty days. N.D.N.Y. L.R. 4.1(b).

4

Upon a showing of good cause, the time for service must be extended. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Panaras*, 94 F.3d at 340 (citing Fed. R. Civ. P. 4(m)); *see also Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007) ("We hold that district courts have discretion to grant extensions even in the absence of good cause."); *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986). When examining whether to extend the prescribed period for service, a district court is afforded ample discretion to weigh the "overlapping equitable considerations" involved in determining whether good cause exists and whether an extension may be granted in the absence of good cause. *Zapata*, 502 F.3d at 197.

In this instance, plaintiff was permitted to pursue a claim against defendant Nurse II, provided that he "take reasonable steps to ascertain [her] identity." Dkt. No. 14 at 8 n.5. In the order permitting the case to proceed, Judge McAvoy explicitly warned plaintiff that "[i]f [he] fails to ascertain the identity of any [Doe] defendant so as to permit the timely service of process, this action will be dismissed as against that individual." *Id.* Following that order, discovery, which is now closed, took place over a

5

period of several months. *See, e.g.,* Dkt. No. 34. There is nothing before the court at this juncture to suggest that plaintiff has ascertained defendant Nurse II's identity, who is alleged to have provided plaintiff with inadequate medical care while he was incarcerated in the ACCF.

As discussed above in part I of this report, on February 5, 2018, the court issued an order directing plaintiff to show cause why defendant Nurse II should not be dismissed from this action due to plaintiff's failure to serve and join her. Dkt. No. 34. Plaintiff's response to that order to show cause was due on March 2, 2018. *Id.* To date, plaintiff has not responded or served and joined defendant Nurse II.

In light of my order to show cause, I find that plaintiff has clearly been on notice that he has failed to serve and join defendant Nurse II. Plaintiff has failed to respond to that order, and has otherwise neglected to communicate to the court the status of the unidentified defendant or any attempts to identify and serve her. Accordingly, I find good cause does not exist to extend the time for service or joinder of defendant Nurse II.

III.    <u>SUMMARY AND RECOMMENDATION</u>

For the reasons discussed above, it is respectfully

RECOMMENDED that all of plaintiff's claims asserted against the Doe defendant be DISMISSED and that the Doe defendant be terminated

6

from the action.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     March 23, 2018
           Syracuse, New York

David E. Peebles
U.S. Magistrate Judge